### J. P. SNELLING'S ADMR. v. JESSE ATCHISON,· ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—752.]

**Interest Collectible from an Estate.**

Where there are several obligors on a note and the note provides for ten per cent. interest, which at its date the law permitted, and one of the obligors dies, his estate is only liable for six per cent. interest after the maturity of the note or after judgment, while the interest to be collected from the living obligors will be ten per cent.

**Rate of Interest Chargeable to Estates.**

Under Gen. Stat. 1883, ch. 60, art. 1, §5, only six per cent. interest can be collected from one's estate, even though the contract called for a greater rate, but if there are other living obligors on the same obligation, payments of interest, according to the contract, may be collected from them, provided the rate is not prohibited by the statute.

### APPEAL FROM BATH CIRCUIT COURT.

April 13, 1886.

OPINION BY JUDGE PRYOR:

The statute provides that "partial payments on a debt shall be first applied to the extinguishment of the interest then due." Stat. 1883, ch. 60, art. 1, § 5. The statutes in force when the notes in controversy were executed made it lawful for persons to agree in writing to pay ten per cent. for the loan of money, or rather at not a greater rate of interest than $10 on $100 for a year. The notes in controversy, some three or four in number, were executed when such an obligation could be enforced, the statute further providing that "After the death of the payor or obligor of a contract for the loan or forbearance of money at a higher rate of interest than six per cent. per annum, such contract after maturity and any judgment rendered thereon shall bear six per cent. per

67

annum; but if there are two or more payors or obligors the provisions of this chapter shall not affect the liability of the survivor or survivors to pay the agreed interest." There were several obligors on the notes, the subject of this litigation; and Snelling, one of the obligors, having died, and the notes having matured and payments been made since his death by a co-obligor, a question has arisen as to the proper application of these payments.

The court below held that the payments made by the co-obligors should be first applied to the payment of the interest due by them (ten per cent.), and what was left after discharging that interest should be applied as a credit on the principal. This rule is the correct one as to the living obligors but erroneous as to the appellant's intestate. He was only liable or his representatives after his death for six per cent. interest, and the debt having matured, the interest at six per cent. up to the time of payment by either of the living obligors, and then credited by the payment without reference to the amount of interest those living were bound to pay, was the proper mode of calculating the interest so as to charge the decedent's estate. If the three obligors had been bound for $100, one of the obligors having died at the maturity of the note, and at the end of twelve months a payment had been made by the living obligor of $10, the living obligor would have still owed the $100, and the estate of the deceased obligor $96, the payment by the living obligor of $10 reducing it as to the dead obligor or his estate to $96; any other rule would make the estate pay more than six per cent. interest. Nor does this rule affect the liability of the surviving obligor. They are bound for the ten per cent., and in charging them, the interest will first be liquidated and the principal debt credited by what may be left of the payment.

The judgment of the superior court was therefore proper. The judgment is *reversed* with directions to enter a judgment in favor of the appellees for $882.68, with interest from March 15, 1879.

*Gudgell & Son, A. Duvall, for appellant.*

*H. I. Stone, for appellees.*

[Cited, *McClure v. Bigstaff,* 18 Ky. L. 607, 37 S. W. 294, 38 S. W. 431.]